IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ZACHARIAH L. SCHULTZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-4031-CV-C-NKL |
| | ) | |
| MISSOURI DEPT. OF CORRECTIONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs in the above-style cause are Zachariah L. Schultz, an inmate confined in a Missouri penal institution, and his father, Dan I. Schultz. Plaintiffs brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On October 18, 2005, Zachariah Shultz (hereinafter "Zachariah") and his father, Dan Shultz, filed a motion to amend, identifying Moniteau County John Doe defendants as Denver Gross, Jeannette Clenin, Sharon Keeran and Norman Potter. Moniteau County defendants filed suggestions in opposition to the motion, arguing that such amendment is improper because identification of the John Doe defendants is based merely upon an interrogatory response identifying persons on duty at the Moniteau County Sheriff's Department on May 10, 2004.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. Here, plaintiffs seek to identify John Doe defendants, and therefore, the motion to amend will be granted. Whether plaintiffs' complaint states a claim against such named defendants will be addressed via defendants' motion for summary judgment.

On October 14, 2005, plaintiffs filed a motion to compel and for sanctions against defendant Missouri Department of Corrections (MDOC), citing failure to comply with discovery. Defendant responded, citing plaintiffs' failure to make a good faith attempt to confer with counsel prior to filing such motion, as required by W.D. Mo. R. 37.1, and stating that

information was being gathered in response to plaintiffs' discovery requests. Since MDOC's filing of a response, plaintiffs have made no further filings with the court as to discovery dispute issues, and a review of the docket sheet indicates that discovery has been made available to plaintiffs from defendant MDOC. Therefore, plaintiffs' motion is denied.

Moniteau County defendants and MDOC have filed motions for summary judgment. Defendants argue there is no dispute of material fact and that plaintiffs' claims fail to state a cause of action under the Eighth Amendment.

## Background

Plaintiffs argue that defendants were deliberately indifferent to plaintiff Zachariah's health and safety, in violation of his constitutional rights, when they provided him with a white button-down shirt to wear prior to his transport to the Moniteau County Jail for a court appearance. Plaintiffs state that the shirt improperly indicated Zachariah was a protective custody inmate, thus, placing him at risk of harm at the Moniteau County Jail. Plaintiffs state that the white shirt, in fact, caused Zachariah to be assaulted at the Moniteau County Jail.

Plaintiffs further state that Moniteau County Jail defendants were deliberately indifferent to Zachariah's health and safety when they left open the individual cell doors within the jail and Zachariah was assaulted. Plaintiffs also allege Moniteau County defendants were deliberately indifferent to Zachariah's cries for help while he was being assaulted. Finally, plaintiffs allege that Dan Schultz has been improperly held liable for the medical bills resulting from the assault on his son.

## Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S.

2

at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

## Discussion

*Missouri Department of Corrections/John Doe Moberly Correctional Center Officers*

Although plaintiffs' allegations that Zachariah's white button-down shirt provided by Moberly MDOC defendants was indicative of a protective custody inmate; thus, putting Zachariah in harm's way, the undisputed evidence is that a white button-down shirt is not indicative of protective custody inmates at MDOC or at the Moniteau County Jail.  Zachariah concedes in his deposition testimony that the inmate who assaulted him mistakenly believed his white shirt to be indicative of protective custody, and that, in fact, a white shirt is not indicative of protective custody at any prison or jail that he is aware, although he thought it could possibly be so at Boonville Correctional Center.

In Farmer v. Brennan, 511 U.S. 828, 843 (1970), the Supreme Court held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware and he must also draw the inference."  Id. at 837.  In the context of plaintiffs' claims, plaintiffs must show that defendants were deliberately indifferent to the need to protect Zachariah from a substantial risk of serious harm from other inmates.  Id. at 825.  Defendants must have actual intent that Zachariah would be harmed, or knowledge that harm will result, or reckless disregard of a known risk to his health and safety.  Id.

3

Plaintiffs have come forward with no evidence that defendants knew or should have known that wearing a white button-down shirt would indicate to other inmates that Zachariah was a protective custody inmate, thus putting him at risk to be assaulted. Zachariah's own statements foreclose such a conclusion. Zachariah states in his deposition testimony that he did not believe the white shirt to indicate protective custody and was not concerned about wearing it until after the inmates at the Moniteau County Jail believed it indicated protective custody and assaulted him.

Based upon the undisputed material facts, plaintiffs have failed to present evidence from which a reasonable jury could conclude that MDOC defendants acted with deliberate indifference to a substantial risk of serious harm when providing Zachariah with a white button-down shirt to wear for his transfer to Moniteau County for a court appearance.

*Moniteau County Defendants*

Plaintiffs state that Moniteau County defendants were deliberately indifferent to Zachariah's safety by allowing him to be assaulted by another inmate. Zachariah states his cellmate and another inmate within the Moniteau County Jail believed his white shirt to be indicative that he was a protective custody inmate and/or a snitch and, thus, determined to assault him. Zachariah states that despite his cries for help, Moniteau County defendants failed to respond promptly to such assault, causing him to suffer severe physical injuries requiring medical treatment.

Because Zachariah was assaulted by his cellmate, his allegation challenging Moniteau County's alleged practice of leaving individual cell doors open within the jail during the daytime hours fails to state a claim of deliberate indifference. Plaintiffs cannot state a claim of deliberate indifference against prison officials with regard to the practice, when the evidence clearly shows that locking Zachariah's individual cell door would not have protected him from the assault by his cellmate. Moreover, the court notes there is no evidence that Zachariah required special protection at the jail, or that the practice of not locking cell doors at all times was a deliberate disregard of a known risk to safety.

To the extent plaintiffs state defendants were deliberately indifferent to Zachariah's calls for help, plaintiffs has come forward with no evidence in support of their claims. Zachariah's deposition testimony provides that he was "yelling a little bit, but mostly I was just trying to

4

protect my head" from the assaults by his cellmate. (Doc. 30, Exh. 1, Transcript of the Testimony of Zachariah L. Schultz.) Plaintiffs have no evidence that defendants heard Zachariah's cries for help. Zachariah concedes in his deposition that if a jailer was not immediately outside the entrance door to the jail, they may not have heard his cries. Zachariah's statement that he heard the door to the jail open and then slam shut does not establish knowledge by defendants. Moreover, Zachariah concedes that within a minute of the door opening and closing, defendants came running and rescued him from his attackers and that he was quickly seen by a female EMT at the Moniteau County Jail, and then rushed to St. Mary's Hospital Emergency Room in Jefferson City. Additionally, Zachariah is unsure how long the assault lasted prior to help arriving. He states in his deposition that it was maybe 4 to 5 minutes; however, acknowledging that, as the victim, it may have seemed longer than it was. Based upon the lack of evidence presented by plaintiffs that defendants had knowledge that the assault was occurring but failed to immediately respond, a reasonable jury could not find that defendants acted with deliberate indifference to Zachariah's health and safety. Furthermore, in taking as true plaintiffs' claims that there was a 4 to 5 minute delay in defendants realizing that Zachariah was being assaulted, such facts, standing alone, do not provide evidence from which a reasonable jury could find reckless disregard for Zachariah's health or safety. A five-minute lapse in observing the activities of inmates confined within a jail, when officials have no reason to believe that any of the inmates were at unusual risk of harm, fails to provide evidence that defendants deliberately disregarded the health and safety of the inmates at the jail.

*State Law Claims*

Because this court finds plaintiffs to have no federal cause of action, plaintiffs' remaining state negligence claims should be dismissed, without prejudice. "Under 28 U.S.C. § 1367(c)(3) a court may 'decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.' Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed . . . ." Gibson v. Weber, 433 F.3d 642, 647 (8th Cir. 2006). The Supreme Court specifically noted in United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), that "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." See Hassett

5

v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (district court's refusal to exercise pendent jurisdiction over plaintiff's state law claims was proper where court had dismissed plaintiff's section 1983 claims).

*Medical Bill Claims*

Plaintiffs also seek relief alleging that plaintiff Dan Schultz, Zachariah's father, has improperly been held responsible for the medical bills from St. Mary's Hospital resulting from the assault at the Moniteau County Jail. Plaintiffs claim that Moniteau County should be responsible for paying such bills.

The issue of liability as to medical bills presumes a finding that plaintiff Zachariah's civil rights were violated and that plaintiffs are entitled to a corresponding damage award. Because this court does not find that plaintiff Zachariah's civil rights were violated under 42 U.S.C. § 1983, plaintiffs have no viable federal damage claim to recover medical bills resulting from the assault. Rather, it appears, pursuant to Missouri law, that plaintiff Zachariah is responsible for paying such medial bills. Plaintiffs' assertion that Dan Shultz has improperly been held responsible by St. Mary's Hospital for the medical bills of his son Zachariah Schultz is not an issue for the federal courts under section 1983, but rather plaintiffs may seek relief via the Missouri state courts.

**Conclusion**

There is no dispute of material fact as to plaintiffs' claims and, as a matter of law, defendants are entitled to summary judgment. No reasonable jury could find, based upon the undisputed material facts, that defendants' actions constituted deliberate indifference to Zachariah's health and safety. Defendants' motions for summary judgment should be granted and plaintiffs' complaint dismissed; with plaintiffs' state negligence claims and claims regarding Dan Schultz being improperly held responsible for the medical bills of his son, dismissed, without prejudice. Because this court is recommending granting MDOC's motion for summary judgment, its motion to dismiss will not be addressed by the court and should be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiffs' motion to amend is granted and John Doe Moniteau County defendants shall be replaced with named defendants Denver Gross, Jeannette Clenin, Sharon Keeran and Norman Potter [29]. It is further

6

Case 2:05-cv-04031-NKL   Document 45   Filed 03/10/06   Page 6 of 7

ORDERED that plaintiffs' motion to compel and for sanctions is denied as moot [27]. It is further

RECOMMENDED that defendants' motions for summary judgment be granted and plaintiffs' claims be dismissed, with prejudice, with the exception of plaintiffs' state law claims, which should be dismissed, without prejudice [22, 40]. It is further

RECOMMENDED that Missouri Department of Corrections' motion to dismiss be denied, without prejudice [35].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 10th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge